**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 11-2412

———————

UNITED STATES OF AMERICA

v.

CARLOS HERNANDEZ,
a/k/a LOS'


CARLOS HERNANDEZ,
                                        Appellant

———————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1:02-cr-00684-004)
District Judge: Honorable Robert B. Kugler

———————————————

Submitted Under Third Circuit LAR 34.1(a)
April 20, 2012

Before: VANASKIE, BARRY and CUDAHY,[*] *Circuit Judges*

(Opinion Filed:  June 21, 2012)

———————

OPINION

———————

VANASKIE, *Circuit Judge*.

———————————

[*] Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court
of Appeals for the Seventh Circuit, sitting by designation.

Carlos Hernandez appeals from the judgment entered in the United States District Court for the District of New Jersey revoking his supervised release and sentencing him to 24 months' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), counsel for Hernandez filed a brief and a motion for leave to withdraw, asserting that there are no nonfrivolous issues on appeal. We agree. Accordingly, we will grant the motion for leave to withdraw and affirm the District Court's judgment.[1]

I.

On May 5, 2006, Hernandez was sentenced to 78 months' imprisonment to be followed by five years of supervised release on his conviction in the District of New Jersey for conspiracy to distribute heroin and cocaine. Hernandez's supervised release commenced on May 21, 2008.

On November 17, 2009, a Petition for Warrant or Summons for Offender Under Supervision was filed, alleging that Hernandez violated supervised release by: (1) being arrested on a drug charge in New York; (2) possessing a firearm; (3) leaving New Jersey without permission; (4) failing to notify his probation officer of the New York arrest; and (5) possessing a controlled substance. On December 7, 2010, the petition was amended to allege that Hernandez had been convicted in New York on the charge of attempted possession of a controlled substance and had been sentenced to three years in state custody. The remaining violations were reiterated in the amended petition.

---

[1] The District Court had jurisdiction over this case under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

2

The District Court held a revocation hearing on May 10, 2011. At that time, Hernandez was serving his three-year state court sentence for the attempted possession conviction, the same conviction that served as a basis for the amended petition to revoke supervised release. After the District Court questioned Hernandez regarding his understanding of the elements of the violation and that it carried a potential maximum sentence of 60 months in prison, Hernandez admitted that he had indeed been convicted in New York on the charge of attempted possession of heroin.

Hernandez's advisory guideline range was 8 to 14 months because the attempted possession conviction was a Grade B violation and he was in criminal history category III. *See* U.S.S.G. § 7B1.4(a). The District Court, exercising its discretion, imposed a sentence of 24 months' imprisonment, to run consecutive to any term of imprisonment Hernandez was currently serving.

On May 11, 2011, Hernandez, proceeding *pro se*, presented to the court a letter that contested his revocation sentence. Hernandez's *pro se* submission contended that he should have received credit against his revocation sentence from October 29, 2010, until May 10, 2011. On May 16, 2011, counsel for Hernandez asked the District Court to characterize the defendant's submission as seeking relief to correct or reduce a sentence under Rule 35(a) of the Federal Rules of Criminal Procedure, rather than a notice of appeal as it was initially docketed. The District Court agreed to construe the letter as a Rule 35(a) motion. Observing that "no arithmetical, technical or other clear [error] occurred in that the Court [o]rdered the sentence imposed to run consecutively to any other sentence, and . . . the Bureau of Prisons will give credit against the sentence for

3

whatever time in custody federal law permits," the District Court denied Hernandez's motion. (A. 10.)

Hernandez, again proceeding *pro se*, filed a notice of appeal on May 17, 2011.[2] By Order entered June 6, 2011, trial court counsel was directed to continue to represent Hernandez on appeal. Counsel for Hernandez has now moved for leave to withdraw, asserting that there are no nonfrivolous issues to present for our consideration.

II.

Pursuant to *Anders*, counsel for a defendant may seek to withdraw if after reviewing the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit." *See* 3d Cir. L.A.R. 109.2(a). When presented with such a request, our responsibility is to determine "(1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2(a)'s] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citations omitted). Specifically, counsel is required "(1) to satisfy the court that counsel has thoroughly examined the record in search of appealable issues, and (2) to explain why the issues are frivolous." *Id*. (citations omitted). In conducting an independent review of the record, "we confine our scrutiny to those portions of the record identified by an adequate *Anders* brief" and "those

---

[2] In his notice of appeal, Hernandez does not challenge either the revocation of supervised release or the prison term imposed by the District Court. Instead, he again complains that he was entitled to credit against his federal prison term. Specifically, he asserts that he is entitled to credit from July 9, 2010, presumably when a federal detainer was lodged against him, until May 10, 2011, when he was sentenced.

issues raised in Appellant's pro se brief." *Id*. at 301. Hernandez, although informed of his right to file a brief on his own, has not submitted any document to this Court since filing his notice of appeal.

Counsel for Hernandez examined the record, and we are convinced that counsel has identified all appealable issues and explained why those issues are frivolous. Based on our independent review of the record, we agree that there are no meritorious issues because (1) Hernandez knowingly and voluntarily admitted that he violated the terms of supervised release, (2) the District Court imposed a procedurally sound and substantively reasonable sentence, and (3) the Bureau of Prisons, not the courts, will determine whether Hernandez should receive federal custodial credits for prison time served prior to the May 10, 2011 revocation of supervised release.

### A.

Because Hernandez admitted to violating the terms of supervised release, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). There is no dispute that Hernandez was represented by counsel. Whether his admission to violating supervised release was knowing and voluntary is assessed in the context of the totality of the circumstances. *See United States v. Hodges*, 460 F.3d 646, 652 (5th Cir. 2006). In this case, the District Court conducted an adequate colloquy that assured that Hernandez knowingly and voluntarily admitted violating the terms of supervised release by having been convicted in state court of attempted possession of a controlled substance. The District Court repeatedly questioned Hernandez, asking whether he had ample time to

5

speak with counsel about the revocation proceeding and offering to provide additional time for consultation if Hernandez deemed it necessary. The District Court also repeatedly explained that the violation of supervised release carried a maximum potential penalty of 60 months' imprisonment. On every occasion, Hernandez acknowledged that he understood the potential penalty. Additionally, in open court, Hernandez recognized that he violated the terms of supervised release because of his conviction in New York and asked for leniency at sentencing. Accordingly, any claim that Hernandez did not knowingly and voluntarily admit the supervised release violation would be frivolous.

B.

Any attack on the reasonableness of the sentence is also meritless. The District Court followed proper procedure by calculating the advisory guideline range, considering any departure motions, and weighing the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Grier*, 585 F.3d 138, 141-42 (3d Cir. 2009) (citation omitted).

In the context of revocation sentences, we examine the substantive "reasonableness with regard to the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007) (citations omitted). The District Court noted that Hernandez committed a very serious crime that involved a suspected $18,000 worth of heroin after being released from prison for a conviction that entailed similar conduct. The District Court also cited a need to protect the public because of the seriousness of the offense and Hernandez's repeated criminal conduct. The District Court considered these factors, while also recognizing that Hernandez cooperated with authorities, in fashioning the above-guideline range sentence.

6

It is also not unreasonable to have the revocation sentence run consecutively to the state court conviction that served as the basis for the supervised release revocation. In fact, the Sentencing Guidelines recommend that Hernandez's revocation term of imprisonment be served consecutively to the conviction for the underlying offense. *See* U.S.S.G § 7B1.3(f). Accordingly, the District Court was well within its discretion to impose the 24 month sentence to be served consecutively to the underlying New York state drug conviction.

## C.

Counsel concludes the *Anders* brief by explaining that Hernandez's contention, asserted in his *pro se* notice of appeal, that he is entitled to federal custodial credits against his revocation sentence is not properly before us at this time. We agree with counsel's analysis. We do not have the authority to award Hernandez federal custodial credits for the time he served while awaiting the resolution of his supervised release revocation proceeding. The authority to calculate a federal sentence and provide credit for time served is delegated to the Attorney General, who acts through the Bureau of Prisons. *See United States v. Wilson*, 503 U.S. 329, 333-35 (1992). Therefore, Hernandez's claim is not ripe for review by the courts until he pursues and exhausts the issue with the Bureau of Prisons.

## III.

For the reasons set forth above, we will affirm the judgment of the District Court and grant defense counsel's motion to withdraw.